FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

☆ MAY - 1 2018 ☆

BROOKLYN OFFICE

Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

RAFAEL AGUILAR, TOSHUA GERMAN, and ISRAEL
RIVERA, individually and on behalf of all others similarly
situated,

                                        Plaintiff,

        -against-

K & S GLATT FARM INC. d/b/a GLATT FARM, A&Z GLATT
FARM INC. d/b/a GLATT FARM, and HASAN OZCAN, as an
individual,

                                        Defendants.

-------------------------------------------------------------------X

CV 18 - 2574

**COLLECTIVE ACTION
COMPLAINT**

JURY TRIAL
DEMANDED

FEUERSTEIN, J.

LOCKE, M.J.

1. Plaintiffs, **RAFAEL AGUILAR, TOSHUA GERMAN, and ISRAEL RIVERA,
   individually and on behalf of all others similarly situated,** (hereinafter referred to as
   "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon
   personal knowledge as to themselves and upon information and belief as to other
   matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiffs, **RAFAEL AGUILAR, TOSHUA GERMAN, and ISRAEL RIVERA,
   individually and on behalf of all others similarly situated,** through undersigned
   counsel, bring this action against **K & S GLATT FARM INC. d/b/a GLATT
   FARM, A&Z GLATT FARM INC. d/b/a GLATT FARM, and HASAN OZCAN,
   as an individual,** (hereinafter referred to as "Defendants"), to recover damages for
   egregious violations of state and federal wage and hour laws arising out of Plaintiffs'
   employment at GLATT FARM, located at 292 Central Avenue, Lawrence, New York
   11559.

3.  As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6.  Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8.  Plaintiff RAFAEL AGUILAR residing at 352 Pearsall Avenue, Cedarhurst, New York 11516, was employed by Defendants at K & S GLATT FARM INC. d/b/a GLATT FARM and A&Z GLATT FARM INC. d/b/a GLATT FARM from in or around 2000 until in or around March 2018.

9.  Plaintiff TOSHUA GERMAN residing at 8798 21st Avenue, Brooklyn, New York 11214, was employed by Defendants at K & S GLATT FARM INC. d/b/a GLATT FARM and A&Z GLATT FARM INC. d/b/a GLATT FARM from in or around 2011 until in or around March 2018.

10. Plaintiff ISRAEL RIVERA residing at 1415 Mott Avenue, Far Rockaway, New York 11691, was employed by Defendants at K & S GLATT FARM INC. d/b/a GLATT FARM and A&Z GLATT FARM INC. d/b/a GLATT FARM from in or around 2011 until in or around March 2018.

11. Upon information and belief, Defendant, K & S GLATT FARM INC. D/B/A GLATT FARM, is a corporation organized under the laws of New York with a principal executive office at 292 Central Avenue, Lawrence, New York 11559.

12. Upon information and belief, Defendant, K & S GLATT FARM INC. D/B/A GLATT FARM, is a corporation authorized to do business under the laws of New York.

13. Upon information and belief, Defendant HASAN OZCAN owns and/or operates K & S GLATT FARM INC. D/B/A GLATT FARM,

14. Upon information and belief, Defendant HASAN OZCAN is the Chairman of the Board of K & S GLATT FARM INC. D/B/A GLATT FARM.

15. Upon information and belief, Defendant HASAN OZCAN is the Chief Executive Officer of K & S GLATT FARM INC. D/B/A GLATT FARM.

16. Upon information and belief, Defendant HASAN OZCAN is an agent of K & S GLATT FARM INC. D/B/A GLATT FARM.

17. Upon information and belief, Defendant HASAN OZCAN has power over personnel decisions at K & S GLATT FARM INC. D/B/A GLATT FARM.

18. Upon information and belief, Defendant HASAN OZCAN has power over payroll decisions at K & S GLATT FARM INC. D/B/A GLATT FARM.

19. Defendant HASAN OZCAN has the power to hire and fire employees at K & S GLATT FARM INC. D/B/A GLATT FARM, establish and pay their wages, set their work schedule, and maintains their employment records.

20. Upon information and belief, Defendant, A&Z GLATT FARM INC. d/b/a GLATT FARM, is a corporation organized under the laws of New York with a principal executive office at 292 Central Avenue, Lawrence, New York 11559.

21. Upon information and belief, Defendant, A&Z GLATT FARM INC. d/b/a GLATT FARM, is a corporation authorized to do business under the laws of New York.

22. Upon information and belief, Defendant HASAN OZCAN owns and/or operates A&Z GLATT FARM INC. d/b/a GLATT FARM.

23. Upon information and belief, Defendant HASAN OZCAN is the Chairman of the Board of A&Z GLATT FARM INC. d/b/a GLATT FARM.

24. Upon information and belief, Defendant HASAN OZCAN is the Chief Executive Officer of A&Z GLATT FARM INC. d/b/a GLATT FARM.

25. Upon information and belief, Defendant HASAN OZCAN is an agent of A&Z GLATT FARM INC. d/b/a GLATT FARM.

26. Upon information and belief, Defendant HASAN OZCAN has power over personnel decisions at A&Z GLATT FARM INC. d/b/a GLATT FARM.

27. Upon information and belief, Defendant HASAN OZCAN has power over payroll decisions at A&Z GLATT FARM INC. d/b/a GLATT FARM.

28. Defendant HASAN OZCAN has the power to hire and fire employees at A&Z GLATT FARM INC. d/b/a GLATT FARM, establish and pay their wages, set their work schedule, and maintains their employment records.

29. During all relevant times herein, Defendant HASAN OZCAN was Plaintiffs' employer within the meaning of the FLSA and NYLL.

30. On information and belief, K & S GLATT FARM INC. D/B/A GLATT FARM is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

31. On information and belief, A&Z GLATT FARM INC. D/B/A GLATT FARM is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

32. Plaintiff RAFAEL AGUILAR was employed by Defendants at K & S GLATT FARM INC. d/b/a GLATT FARM and A&Z GLATT FARM INC. d/b/a GLATT FARM from in or around 2000 until in or around March 2018.

33. During Plaintiff RAFAEL AGUILAR'S employment by Defendants at K & S GLATT FARM INC. d/b/a GLATT FARM and A&Z GLATT FARM INC. d/b/a GLATT FARM, Plaintiff's primary duties were as a laborer, produce worker and stocker, and performing other miscellaneous duties from in or around 2000 until in or around March 2018.

34. Plaintiff RAFAEL AGUILAR was paid by Defendants approximately $2,600.00 per month from in or around 2012 until in or around March 2018.

35. Plaintiff RAFAEL AGUILAR worked approximately fifty-four (54) hours or more per week for Defendants from in or around 2012 until in or around March 2018.

36. Although Plaintiff RAFAEL AGUILAR worked approximately fifty-four (54) hours or more per week from in or around 2012 until in or around March 2018, during his employment with Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

37. Plaintiff RAFAEL AGUILAR was not compensated for his last approximately eight (8) weeks of work for Defendants.

38. Plaintiff TOSHUA GERMAN was employed by Defendants at K & S GLATT FARM INC. d/b/a GLATT FARM and A&Z GLATT FARM INC. d/b/a GLATT FARM from in or around 2011 until in or around March 2018.

39. During Plaintiff TOSHUA GERMAN'S employment by Defendants at K & S GLATT FARM INC. d/b/a GLATT FARM and A&Z GLATT FARM INC. d/b/a GLATT FARM, Plaintiff's primary duties were as a laborer, produce worker and produce purchaser and performing other miscellaneous duties from in or around 2011 until in or around March 2018.

40. Plaintiff TOSHUA GERMAN was paid by Defendants approximately $750.00 per week from in or around 2012 until in or around March 2018.

41. Plaintiff TOSHUA GERMAN worked approximately forty-eight (48) hours or more per week for Defendants from in or around 2012 until in or around March 2018.

42. Although Plaintiff TOSHUA GERMAN worked approximately 48 (forty-eight) hours or more per week from in or around 2012 until in or around March 2018, during his employment with Defendants, Defendants did not pay Plaintiff time and a half (1.5)

5

for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

43. Plaintiff TOSHUA GERMAN was regularly required to purchase fruits to sell at Defendants' place of business but was not fully reimbursed for these out-of-pocket purchases.

44. Plaintiff TOSHUA GERMAN was not compensated for his last approximately eight (8) weeks of work for Defendants.

45. Plaintiff ISRAEL RIVERA was employed by Defendants at K & S GLATT FARM INC. d/b/a GLATT FARM and A&Z GLATT FARM INC. d/b/a GLATT FARM from in or around 2001 until in or around March 2018.

46. During Plaintiff ISRAEL RIVERA'S employment by Defendants at K & S GLATT FARM INC. d/b/a GLATT FARM and A&Z GLATT FARM INC. d/b/a GLATT FARM, Plaintiff's primary duties were as a laborer, produce worker and stocker and performing other miscellaneous duties from in or around 2001 until in or around March 2018.

47. Plaintiff TOSHUA GERMAN was paid by Defendants approximately $450.00 per week from in or around 2012 until in or around 2013 and approximately $550.00 per week from in or around 2014 until in or around March 2018.

48. Plaintiff TOSHUA GERMAN worked approximately fifty-four (54) hours or more per week for Defendants from in or around 2012 until in or around March 2018.

49. Although Plaintiff TOSHUA GERMAN worked approximately fifty-four (54) hours or more per week from in or around 2012 until in or around March 2018, during his employment with Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

50. Plaintiff TOSHUA GERMAN was not compensated for his last approximately week and a half (1.5) of work for Defendants.

51. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

52. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

53. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

54. Plaintiffs bring this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the collective class.

55. Collective Class: All persons who are or have been employed by the Defendants as laborers, produce workers, stockers, and produce purchasers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

56. Upon information and belief, Defendants employed approximately twenty (20) employees within the past three years subjected to similar payment structures.

57. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

58. Defendants' unlawful conduct has been widespread, repeated, and consistent.

59. Upon information and belief, Defendant had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

60. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

61. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants

who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.   Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

62. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

63. The claims of Plaintiffs are typical of the claims of the putative class.

64. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

65. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FIRST CAUSE OF ACTION**

**Overtime Wages Under The Fair Labor Standards Act**

66. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

67. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

68. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

69. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

70. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

71. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

72. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

73. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

74. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

75. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

76. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Unpaid Wages Under The Fair Labor Standards Act

77. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

78. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

79. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

80. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

81. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

82. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

83. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

84. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Unlawful Deductions from Wages under the New York Labor Law

85. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

86. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

87. Defendants made unlawful deductions from the wages of the Plaintiffs and Proposed Class members without their written consent in violation of NYLL §193 by requiring Plaintiffs and other such similarly situated employees to pay for supplies and products for sale at Defendants' place of business, among other things. This was an improper shift of business costs onto the Plaintiffs.

88. Defendants' unlawful deductions from the wages of the Plaintiffs and Proposed Class Members were not made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; were not for the benefit of the Plaintiffs or Proposed Class Members; were not for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, or similar payments for the benefit of the Plaintiffs or Proposed Class Members.

89. All of the named Plaintiffs' and Proposed Class Members' compensation from Defendants, constitute wages within the meaning of the term "wages" in the NYLL §§190 et seq.

90. The named Plaintiffs and Proposed Class Members are employees within the meaning of the term "employee" in the NYLL §§190 et seq.

91. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## SIXTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

92. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

93. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

94. Defendants are liable to each Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

95. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

96. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

97. Defendants are liable to each Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiffs respectfully request that judgment be granted:

    a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

    b. Awarding Plaintiffs unpaid wages;

    c. Awarding Plaintiffs unpaid overtime wages;

    d. Awarding Plaintiffs damages accrued for unlawful deductions;

    e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

    f. Awarding Plaintiffs prejudgment and post-judgment interest;

    g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

    h. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 24th day of April 2018.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAFAEL AGUILAR, TOSHUA GERMAN, and ISRAEL RIVERA, individually and on behalf of
all others similarly situated,

Plaintiff,

   -against-

K & S GLATT FARM INC. d/b/a GLATT FARM, A&Z GLATT FARM INC. d/b/a GLATT
FARM, and HASAN OZCAN, as an individual,

Defendants.

---

COLLECTIVE ACTION COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.<br>
Attorneys for Plaintiffs<br>
69-12 Austin Street<br>
Forest Hills, NY 11375<br>
Phone (718) 263-9591<br>
Fax (718) 263-9598

---

**TO:**

**K & S GLATT FARM INC.**
**292 CENTRAL AVENUE**
**LAWRENCE, NEW YORK 11559**

**A&Z GLATT FARM INC.**
**292 CENTRAL AVENUE**
**LAWRENCE, NEW YORK 11559**

**HASAN OZCAN**
**292 CENTRAL AVENUE**
**LAWRENCE, NEW YORK 11559**

**482 BAYVIEW AVENUE**
**CEDARHURST, NEW YORK 11516**